CONCURRING OPINION


No. 04-05-00216-CV

LAREDO MEDICAL GROUP,

Appellant

v.

Gloria JAIMES, Individually and as Next Friend of Luis Angel Jaimes,

Appellee

From the 111th Judicial District Court, Webb County, Texas

Trial Court No. 2001-CVQ-001436-D2

Honorable Raul Vasquez, Judge Presiding




Opinion by: Alma L. López, Chief Justice

Concurring Opinion by: Catherine Stone, Justice



Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Karen Angelini, Justice



Delivered and Filed: January 31, 2007



 I concur with the opinion and judgment of the court. I write separately, however, to emphasize two points that are
determinative in this case.

 Laredo Medical Group has strongly argued in this appeal that it never stipulated to vicarious liability for the acts of Dr.
Diaz. The court has held that the stipulation attempted was ambiguous, and thus the trial court was required to disregard the
stipulation. (Slip op. at 6). Based on the very strong reaction of both the trial court and plaintiffs' counsel when Laredo
Medical Group argued at a post-trial hearing that no vicarious liability jury issue had been submitted and that no stipulation
had been made by LMG, it is evident that indeed some stipulation was made. The record bears this out; the stipulation was
that Laredo Medical Group would honor its liability as established by its contract with Dr. Diaz. That contract did not
extend LMG's liability beyond the last day of Dr. Diaz's employment with LMG. Accordingly, LMG would be liable for
Dr. Diaz's negligent conduct that occurred while he was still employed by the group - in short, for negligence occurring
during his pre-natal care of Gloria Jaimes. In that regard, I believe the stipulation is clear and unambiguous. 

 The testimony of Dr. Gerald Bullock establishes that Dr. Diaz was negligent in his pre-natal care of Gloria, and that such
negligence allowed the baby she was carrying to grow to such a large size and weight. Gloria argues that there can be more
than one proximate cause of an injury and that the deficient pre-natal care was but one of at least two causes of Luis' injury. 
See McShane v. Bay Area Healthcare Group, Ltd., 174 S.W.3d 908, 921 (Tex. App.--Corpus Christi 2005, pet. filed) ("It is
well settled in Texas that there may be more than one proximate cause for purposes of negligence."); see also Comm. on
Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges- General Negligence PJC 2.4, 3.2 (2003). Accordingly,
she argues that the jury's verdict can be sustained. While in theory this is correct, the testimony does not support the
conclusion reached by Gloria. Each medical expert who testified, including Dr. Bullock, stated that timely performance of a
c-section would have avoided the injuries and damages to Luis. Thus, regardless of Luis' size, he would not have sustained
the brachial plexus injury had a c-section been performed. Without using the term "sole proximate cause" or "superceding
cause", the net effect of the experts' testimony is that the failure to perform the surgery was ultimately a sole or superceding
cause of Luis' injuries. See generally First Assembly of God, Inc. v. State Utils. Elec. Co., 52 S.W.3d 482, 493 (Tex.
App.--Dallas 2001, no pet.) (contrasting the concepts of "a proximate cause" with "a sole proximate cause"). Since the
failure to perform a c-section occurred after Dr. Diaz ended his affiliation with LMG, the group is not liable for this
negligence under its stipulation. Accordingly, I must concur with the panel's decision.

 Catherine Stone, Justice